

**Signed May 23, 2018.**

_____
**Ronald B. King**
**Chief United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JESSE A. CALVILLO AND | § | CASE NO. 96-55458-RBK |
| CARMEN M. CALVILLO, | § | CASE NO. 96-55459-RBK |
| | § | |
| DEBTORS | § | CHAPTER 7 |
| | § | |
| BENITO JANEIRO, LASCALA, INC., | § | |
| DALE C. MABRY, CHESTER'S | § | |
| HAMBURGER CO., INC., RENATA | § | |
| MABRY, AND LAINE O'HARE | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | ADVERSARY NO. 97-05048-RBK |
| | § | |
| JESSE A. CALVILLO AND | § | |
| CARMEN M. CALVILLO, | § | |
| | § | |
| DEFENDANTS | § | |

**MEMORANDUM OF DECISION**

On May 14, 2018, came on the be heard Plaintiffs' *Application to Renew Judgment* (ECF No. 35), and the Court is of the opinion that the *Application* should be denied.

The Court finds that it has jurisdiction to render a final order in this core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

Plaintiffs commenced an adversary proceeding against Defendants to determine the dischargeability of certain debts in 1997. Judgment in favor of Plaintiffs was entered on April 20, 1998. A writ of execution was prepared by the clerk of court ten years later on April 16, 2008. Plaintiffs also filed an *Application to Renew Judgement* (ECF No. 29) that same day, which the Court granted by order entered on April 18, 2008. Aside from an email making reference to a telephone conversation between Plaintiffs' attorney and the United States Marshal's office, Plaintiffs have provided no evidence, admissible or otherwise, to show that the writ of execution was ever delivered to a United States Marshal for execution. Defendants, on the other hand, produced a certificate from the United States Marshal's Service, issued by the custodian of records, certifying that no writ of execution in 2008 in this adversary proceeding can be found in its records.

On March 13, 2018, Plaintiffs filed another *Application to Renew Judgment* (ECF No. 35) that is now before the Court.

**DISCUSSION**

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. *The procedure on execution*—and in proceedings supplementary to and in aid of judgment or execution—*must accord with the procedure of the state where the court is located*, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1) (emphasis added). Under the Federal Rules of Civil Procedure, "judgment creditors must file a writ of execution in accordance with the 'practice and procedure of the state in which the district court is held.'" *Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006); *see also Home Port Rentals, Inc. v. Int'l Yachting Grp., Inc.*, 252 F.3d 399, 406–09 (5th Cir. 2001). "Time limits for writs of execution are procedural in nature and are governed by state law." *Andrews*, 473 F.3d at 568. Under Texas law, a writ of execution must be issued within ten years of a judgment or it will become dormant. Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a) (West 2009). Once the first writ of execution is timely issued, a judgment creditor can keep a judgment from going dormant indefinitely by having

subsequent writs issued within ten years after the issuance of the previous writ. § 34.001(b). A dormant judgment cannot be executed upon unless it is revived within two years of the judgment becoming dormant and only by the two specific circumstances provided for by statute. § 31.006 ("A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.").

Texas appellate courts across the state have held that issuing a writ of execution pursuant to section 34.001 "means more than mere clerical preparation of the writ and requires that it be delivered to an officer for enforcement." *Webb v. Yorkshire W. Capital, Inc.*, 2017 WL 677825, at *2 (Tex. App.—Dallas Feb. 21, 2017, no pet.); *Keith M. Jensen, P.C. v. Briggs*, 2015 WL 1407357, at *5 (Tex. App.—Fort Worth Mar. 26, 2015, no pet.) (mem. op.); *Hawthorne v. Guenther*, 461 S.W.3d 218, 221 (Tex. App.—San Antonio 2015, no pet.); *Cedyco Corp. v. Whitehead*, 2009 WL 2045262, at *3 (Tex. App.—Beaumont July 16, 2009, no pet.) (mem. op.); *Rollins v. Am. Exp. Travel Related Servs. Co., Inc.*, 219 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). "The judgment creditor carries the burden of proving not only clerical preparation of the writ within the statutory time period, but also . . . actual delivery to the appropriate officer . . . ." *Rollins*, 219 S.W.3d at 4.

In the present case, the record shows that a writ of execution was prepared within the ten-year time period prescribed by section 34.001 (judgment was entered April 20, 1998 and a writ of execution was prepared by the clerk of court on April 16, 2008). The Plaintiffs, however, have failed to provide sufficient proof that the writ of execution was ever delivered to an appropriate officer for enforcement. Without such proof, the writ of execution was not *issued* within the ten-year framework provided for by section 34.001 as that term has been defined under Texas law. The judgment, therefore, became dormant on April 21, 2008, and could only have been revived by "scire facias or an action of debt brought not later than" April 21, 2010. *See* § 31.006 (stating that a dormant judgment can only be revived within the first two years of it becoming dormant).

3

At the hearing on this matter, Plaintiffs argued that Rule 69 creates an alternative method for renewing a judgment in federal court. Plaintiffs assert that simply having the Court grant a motion to renew judgment is enough when in federal court and cites to *McCarthy v. Johnson*, 1999 WL 46703 (10th Cir. Feb. 3, 1999), for support. This Court, however, finds no support for Plaintiffs' claim in *McCarthy* or elsewhere. The court in *McCarthy* held that Rule 69 allows a litigant to renew a judgment "and that the requirements governing the granting of such relief are governed by state law." *McCarthy*, 1999 WL 46703, at *1. The court went on to hold that under Utah state law, the plaintiff was able to renew her judgment simply by filing a motion and giving notice to the other party. *Id.* at *2. In contrast to Plaintiffs' claim in this case, the *McCarthy* court did not determine that the procedure was proper because of Rule 69, but rather because Utah state law, incorporated pursuant to Rule 69, dictated that it was the proper procedure.

## CONCLUSION

Plaintiffs' *Application to Renew Judgment* must be denied because the judgment became dormant in 2008 when the writ of execution was not delivered to an appropriate officer for enforcement.

This opinion constitutes the findings of fact and conclusions of law of the Court pursuant to FED. R. BANKR. P. 7052 and 9014. A separate order will be entered.

# # #